**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON SUSIL PREMATHILAKA WIJESINGHE,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　Respondent. | No. 12-70539<br><br>Agency No. A070-632-552<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2015[**]
San Francisco, California

Before: SCHROEDER and IKUTA, Circuit Judges and SEABRIGHT,[***] District Judge.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

Petitioner Don Susil P. Wijesinghe petitions for review of a Board of Immigration Appeals' ("BIA") order denying his third motion to reopen as time- and number-barred. Having reviewed the BIA's denial of the motion for abuse of discretion, *see Meza-Vallejos v. Holder*, 669 F.3d 920, 923 (9th Cir. 2012), we deny the petition for review.

Wijesinghe argues that the BIA abused its discretion by denying his motion as time- and number-barred. He claims he was entitled to equitable tolling on account of ineffective assistance of his prior counsel. The BIA concluded Wijesinghe was not entitled to equitable tolling because he could not show prejudice from his former attorneys' ineffective assistance.

Even assuming that Wijesinghe is entitled to some equitable tolling, Wijesinghe's third motion to reopen remains untimely. Equitable tolling of the 90-day deadline for filing motions to reopen continues until the date counsel's error is discovered, or with due diligence, should have been discovered. *Iturribarria v. INS*, 321 F.3d 889, 897–99 (9th Cir. 2003). Because the terrorist bar is what prevents Wijesinghe's eligibility for relief, the relevant error here is the failure to petition for review of the BIA's decision involving the terrorist bar. *See Avagyan v. Holder*, 646 F.3d 672, 680–82 (9th Cir. 2011) (analyzing the timeliness of each pertinent incidence of alleged ineffective assistance separately). According to

2

Wijesinghe, he learned of this error on April 9, 2010. However, his third motion to reopen (the only one which he now petitions for review) was filed August 22, 2011, well over 90 days after that date. Wijesinghe has not alleged any ineffectiveness on the part of the attorney representing him on his second motion to reopen which would have prevented him from timely filing a third motion.

The petition for review is **DENIED**.